UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LARRY CRIM,

    Plaintiff,

v.

SCOTT GOLDEN, et al.,

    Defendants.

Case No. 3:19-cv-00284

Judge Eli J. Richardson
Magistrate Judge Alistair E. Newbern

# MEMORANDUM ORDER

Pro se Defendant James B. Garrett and pro se Plaintiff Larry Crim have filed motions to ascertain the status of this action. (Doc. Nos. 85, 86.) Garrett's motion (Doc. No. 85) and Crim's motion (Doc. No. 86) are GRANTED.

The status of this case is as follows:

Crim initiated this action on April 5, 2019, when he filed a complaint under 42 U.S.C. § 1983 against Defendants Garrett, Scott Golden, Michael Sullivan, the Tennessee Republican Party (TNRP), Marsha Blackburn, Mark Goins, John Doe, and Jane Doe. (Doc. No. 1.) Garrett answered Crim's complaint (Doc. No. 20). Golden, Sullivan, the TNRP, Blackburn, and Goins filed motions to dismiss (Doc. Nos. 17, 21, 33). On August 19, 2019, Crim filed an amended complaint as of right under Federal Rule of Civil Procedure 15(a)(1), adding the TNRP's State Executive Committee as a defendant and alleging that all of the defendants violated his constitutional rights in his attempts to secure the TNRP's nomination to run for a seat in the United States Senate. (Doc. No. 38.) The Court found the defendants' motions to dismiss the original complaint moot in light of the amended complaint and directed the Clerk's Office to administratively terminate those motions. (Doc. No. 44.)

Garrett, Golden, Sullivan, Blackburn, Goins, and the TNRP and its State Executive Committee (collectively, the TNRP) filed motions to dismiss the amended complaint. (Doc. Nos. 40, 45, 47, 49.) On October 18, 2019, Crim filed a motion to amend his complaint a second time (Doc. No. 61), and a motion to seal parts of the proposed second amended complaint (Doc. No. 59). Garrett, Golden, Sullivan, the TNRP, Blackburn, and Goins opposed the motion to amend. (Doc. Nos. 65, 66, 68, 71.) At Crim's request, the Court extended his deadline to respond to the defendants' legal arguments in support of their motions to dismiss the amended complaint until November 1, 2019. (Doc. No. 63.) On October 31, 2019, the Court denied Crim's motion to stay all deadlines in this action while he sought counsel. (Doc. No. 73.)

On November 1, 2019, Crim filed a notice of voluntary dismissal "of the entire action and case . . . against all Defendants pursuant to FRCP Rule 41 (a)(1)(A)(i)." (Doc. No. 79.) On November 4, 2019, Garrett filed a response to Crim's notice, stating that he had "no objections to the Court dismissing this action based upon the Plaintiff's Notice of Voluntary Dismissal[,]" but arguing that "this action should be dismissed with prejudice as an adjudication on the merits" under Rule 41(a)(1)(B) because Crim had previously dismissed the same claims against different defendants in another federal case. (Doc. No. 80, PageID# 640.) The next day, Garrett changed his position and filed a "motion for involuntary dismissal of this action" stating that his request for voluntary dismissal with prejudice under Rule 41(a)(1)(B) "was mistaken" and arguing that the Court should dismiss Crim's claims *involuntarily* under Rule 41(b) for failure to comply with the Court's order setting November 1, 2019, as his deadline to respond to the defendants' motions to dismiss the amended complaint. (Doc. No. 81, PageID# 644.) On November 8, 2019, Crim filed a memorandum of law in support of his notice of voluntary dismissal. (Doc. No. 83.) Due to an administrative backlog, Crim's memorandum was not docketed until November 13, 2019.

In the meantime, on November 12, 2019, the Court issued an order finding that Crim could voluntarily dismiss his claims against all of the defendants except Garrett because Garrett had answered Crim's original complaint. (Doc. No. 82.) *See Kensu v. Corizon, Inc.*, No. 19-10616, 2019 WL 5578057, at *1 (E.D. Mich. Oct. 29, 2019) (collecting authority for the principle that a "plaintiff loses the ability to voluntarily dismiss under Rule 41(a)(1) when the defendant has filed an answer or summary judgment motion to the original complaint, even where an amended complaint is then filed"). The Court acknowledged that Crim's claims against all defendants except Garrett had been dismissed without prejudice and ordered Crim to respond to Garrett's motion for involuntary dismissal by November 27, 2019. (Doc. No. 82.)

On November 14, 2019, the day after Crim's memorandum of law in support of his motion for voluntary dismissal was docketed, the Court referred Garrett's motion for involuntary dismissal to the Magistrate Judge for a report and recommendation. (Doc. No. 84.) On the same day, Crim filed a motion to ascertain status asking the Court to clarify whether he could still file a response to Garrett's motion by November 27, 2019. (Doc. No. 86.)

The Court ORDERS that Crim may file a response to Garrett's motion for involuntary dismissal under Rule 41(b) (Doc. No. 81) by November 27, 2019.

Because the Court has dismissed Golden, Sullivan, Blackburn, Goins, and the TNRP from this action, the Clerk of Court is DIRECTED to ADMINISTRATIVELY TERMINATE their motions to dismiss the amended complaint (Doc. Nos. 40, 45, 47).

The only motions that remain pending in this action are Garrett's motion to dismiss the amended complaint under Rule 12(b)(6) (Doc. No. 49), Crim's motion to seal (Doc. No. 59) and motion to amend (Doc. No. 61), and Garrett's motion for involuntary dismissal under Rule 41(b) (Doc. No. 81).

It is so ORDERED.

ALISTAIR E. NEWBERN
United States Magistrate Judge