UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LARRY CRIM,<br><br>    Plaintiff,<br><br>v.<br><br>SCOTT GOLDEN, et al.,<br><br>    Defendants. | Case No. 3:19-cv-00284<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

To:     The Honorable Eli J. Richardson, District Judge

## REPORT AND RECOMMENDATION

Before the Court in this action brought under 42 U.S.C. § 1983 are pro se Defendant James B. Garrett's motion to dismiss pro se Plaintiff Larry Crim's amended complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim (Doc. No. 49); Crim's request to voluntarily dismiss his claim against Garrett under Rule 41(a) (Doc. No. 79); and Garrett's motion to dismiss Crim's claim against him under Rule 41(b) for failure to comply with the Court's orders (Doc. No. 81).[1] For the reasons that follow, the Magistrate Judge will recommend that the Court construe Crim's request for voluntary dismissal (Doc. No. 79) as a motion for voluntary dismissal under Rule 41(a)(2), grant that motion, and dismiss Crim's claim against Garrett without prejudice. The Magistrate Judge will further recommend that the Court find moot Garrett's motion to dismiss under Rule 12(b)(6) (Doc. No. 49) and deny Garrett's motion to dismiss under Rule 41(b) (Doc. No. 81).

---

[1]     The Court will address Crim's motion to seal (Doc. No. 59) and motion for leave to file a second amended complaint (Doc. No. 61) by separate order.

## I. Factual and Procedural Background

This action arises out of Crim's repeated efforts to represent Tennessee in the United States Senate. (Doc. No. 38.) Crim initiated this action on April 5, 2019, by filing a complaint under 42 U.S.C. § 1983 against Defendants Garrett, Scott Golden, Michael Sullivan, the Tennessee Republican Party (TNRP), Marsha Blackburn, Mark Goins, John Doe, and Jane Doe. (Doc. No. 1.) Garrett, who is proceeding pro se, answered Crim's complaint. (Doc. No. 20.) Golden, Sullivan, the TNRP, Blackburn, and Goins filed motions to dismiss. (Doc. Nos. 17, 21, 33.) On August 19, 2019, Crim filed an amended complaint as of right under Federal Rule of Civil Procedure 15(a)(1), adding the TNRP's State Executive Committee as a defendant and alleging that all of the defendants violated his constitutional rights in his attempts to secure the TNRP's nomination to run for a Senate seat. (Doc. No. 38.) The Court found the defendants' motions to dismiss the original complaint moot in light of the amended complaint and directed the Clerk's Office to administratively terminate those motions. (Doc. No. 44.)

Garrett, Golden, Sullivan, Blackburn, Goins, and the TNRP and its State Executive Committee (collectively, the TNRP) then filed motions to dismiss the amended complaint. (Doc. Nos. 40, 45, 47, 49.) Crim filed a motion for leave to amend his complaint a second time (Doc. No. 61), and a motion to seal parts of the proposed second amended complaint (Doc. No. 59). Garrett, Golden, Sullivan, the TNRP, Blackburn, and Goins opposed the motion to amend. (Doc. Nos. 65, 66, 68, 71.) At Crim's request, the Court extended his deadline to respond to the defendants' legal arguments in support of their motions to dismiss until November 1, 2019. (Doc. No. 63.) On October 31, 2019, the Court denied Crim's motion to stay all deadlines in the action while he sought counsel. (Doc. No. 73.)

On November 1, 2019, Crim filed a notice of voluntary dismissal "of the entire action and case . . . against all Defendants pursuant to [Federal Rule of Civil Procedure] 41(a)(1)(A)(i)."

2

(Doc. No. 79.) Crim stated that he has health conditions that prevent him from continuing to prosecute this action pro se (*id.*) and filed an affidavit detailing his unsuccessful efforts to hire an attorney (Doc. No. 77). The Court found that, "[b]ecause . . . Garrett served an [a]nswer (Doc. No. 20) to [Crim's] [c]omplaint, [Rule] 41(a)(1)(A)(i) does not apply to him" and Crim could not dismiss his claims against Garrett without a court order. (Doc. No. 82, PageID# 647.) However, the Court found that voluntary dismissal of Crim's claims against Golden, Sullivan, Blackburn, Goins, and the TNRP—who never filed answers or motions for summary judgment—was appropriate and dismissed those claims without prejudice under Rule 21, not Rule 41(a)(1). (Doc. No. 82.)

On November 4, 2019, Garrett filed a response to Crim's notice of voluntary dismissal, stating that Garrett had "no objections to the Court dismissing this action based upon" Crim's notice but arguing that "this action should be dismissed with prejudice as an adjudication on the merits" under Rule 41(a)(1)(B) because Crim had previously voluntarily dismissed the same claims against different defendants in another federal case. (Doc. No. 80, PageID# 640.) The next day, Garrett changed his position and filed a "motion for involuntary dismissal of this action" stating that his request for voluntary dismissal with prejudice under Rule 41(a)(1)(B) "was mistaken" and arguing that the Court should dismiss Crim's claims involuntarily and with prejudice under Rule 41(b) for failure to comply with the Court's order setting November 1, 2019, as his deadline to respond to the defendants' motions to dismiss the amended complaint. (Doc. No. 81, PageID# 643–44.) Garrett also requests that the Court order Crim to reimburse him for "approximately $580.85" in "out-of-pocket costs . . . ." (*Id.* at PageID# 645.) Crim opposes Garrett's motion. (Doc. No. 89.)

3

**II.      Analysis**

Crim and Garrett agree that Crim's claim against Garrett—which is the sole remaining claim in this action—should be dismissed. (Doc. Nos. 79, 81.) The only questions before the Court are whether that dismissal should be with or without prejudice and whether Crim should be required to pay Garrett's costs.

**A.      Crim's Request for Voluntary Dismissal Under Rule 41(a)**

Crim framed his request for voluntary dismissal as a notice under Rule 41(a)(1)(A)(i) (Doc. No. 79), which allows a plaintiff to dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment" Fed. R. Civ. P. 41(a)(1)(A)(i). The Court has already found that, "[b]ecause . . . Garrett served an [a]nswer (Doc. No. 20) to [Crim's] [c]omplaint, [Rule] 41(a)(1)(A)(i) does not apply to him." (Doc. No. 82, PageID# 647.) Crim therefore may not dismiss his claims against Garrett without a court order. Accordingly, Crim's notice of dismissal is better construed as a motion for voluntary dismissal by court order under Rule 41(a)(2).

Rule 41(a)(2) provides that, "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "[T]he purpose of Rule 41(a)(2) is to protect the nonmovant . . . from unfair treatment." *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.3d 948, 953 (6th Cir. 2009) (citing *Grover ex rel. Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994)). "Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court." *Grover ex rel. Grover*, 33 F.3d at 718. Typically, an abuse of discretion will only be found where a defendant "would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Bridgeport Music, Inc.*, 583 F.3d at 953 (quoting *id.*). To determine whether "plain legal prejudice"

would result, courts consider "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id.* (quoting *Grover ex rel. Grover*, 33 F.3d at 718).

Considering these factors, the Court finds that dismissing Crim's remaining claim without prejudice is appropriate and will not result in plain legal prejudice to Garrett. First, Garrett's trial preparation efforts and expenses were relatively minimal at the time Crim requested voluntary dismissal. Garrett filed an answer to Crim's original complaint (Doc. No. 20), a motion to dismiss the amended complaint accompanied by a supporting memorandum of law (Doc. Nos. 49, 50), and a response in opposition to Crim's motion for leave to file a second amended complaint (Doc. No. 68). These efforts are typical steps in early litigation and do not constitute significant trial preparation for purposes of the Rule 41(a)(2) analysis.[2] *Cf. Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 739 (6th Cir. 2008) (holding, for purposes of Rule 41(b), that "fil[ing] an answer and an amended answer" are "typical steps in the early stages of litigation and are to be expected when one is served with a complaint"). Moreover, there is no indication that the parties engaged in any discovery. *See First Nonprofit Ins. Co. v. Summit Cty. Child. Servs.*, No. 5:14CV796, 2016 WL 1465749, at *2 (N.D. Ohio Apr. 14, 2016) (finding "it [was] beyond dispute" that first factor weighed in favor of dismissal without prejudice where "little to no discovery was conducted"). With respect to expenses, Garrett has represented that his total out-of-

---

[2]  Garrett also filed a one-page motion for access to the Court's electronic filing system (Doc. No. 28); a four-page response in opposition to Crim's first motion for an extension of time to respond to the defendants' motions to dismiss the amended complaint (Doc. No. 56); a two-page motion to ascertain status (Doc. No. 67); and a four-page response in opposition to Crim's motion to stay (Doc. No. 75). These steps are also typical in early stages of litigation and do not constitute significant trial preparation for purposes of Rule 41(a)(2).

pocket costs for defending this action, including the cost of drafting filings after Crim requested voluntary dismissal, are $580.85. (Doc. No. 81.) Viewed in the context of the typical costs of civil litigation, this is not an excessive figure. The Court therefore finds that the first factor weighs in favor of dismissal without prejudice.

The remaining three factors likewise weigh in favor of dismissal without prejudice. The record does not reflect excessive delays or lack of diligence by Crim, who requested voluntary dismissal just seven months after filing his original complaint. *Cf. Grover ex rel. Grover*, 33 F.3d at 718 (holding that second factor weighed against dismissal without prejudice where plaintiff waited more than five years to request voluntary dismissal). Crim sufficiently explained in an affidavit that his request for voluntary dismissal is based on his serious health conditions and inability to find a lawyer to represent him despite diligent efforts. (Doc. No. 77.) Garrett has not filed a motion for summary judgment. The relevant factors therefore weigh against a finding of plain legal prejudice to Garrett and in favor of dismissal without prejudice. *See Bridgeport Music, Inc.*, 583 F.3d at 953. The Court further finds that an award of costs is not necessary to offset any prejudice to Garrett from dismissal without prejudice. *See id.* at 954 ("A Rule 41(a)(2) dismissal may be conditioned on whatever terms the district court deems necessary to offset the prejudice the defendant may suffer from a dismissal without prejudice.").

### B. Garrett's Motion for Dismissal Under Rule 41(b)

Rule 41(b) provides that "a defendant may move to dismiss the action or any claim against it" "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order[.]" Fed. R. Civ. P. 41(b); *see also Schafer*, 529 F.3d at 736 ("Rule 41(b) . . . confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court."). Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the

plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999) (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)).

Garrett has not shown that dismissal under Rule 41(b) is appropriate here. First, he has not addressed any of the relevant factors. Second, while Garrett argues that Crim violated the Court's orders requiring him to file any responses to the defendants' motions to dismiss by November 1, 2019, he has not provided any authority to support a finding that Crim's filing of a request for voluntary dismissal on that date constitutes a violation of the Court's orders. The Court finds that is does not. Garrett's motion to dismiss for failure to comply with court orders under Rule 41(b) should therefore be denied.

### C. Garrett's Motion for Dismissal Under Rule 12(b)(6)

Because Crim has requested voluntary dismissal (Doc. No. 79) and Garrett has filed a second motion to dismiss under Rule 41(b) (Doc. No. 81), Garrett's first motion to dismiss the amended complaint under Rule 12(b)(6) (Doc. No. 49) should be found moot.

## III. Recommendation

For these reasons, the Magistrate Judge RECOMMENDS that the Court:

1. CONSTRUE Plaintiff Crim's notice (Doc. No. 79) of voluntary dismissal under Rule 41(a)(1) with respect to Defendant Garrett as a motion for voluntary dismissal under Rule 41(a)(2) and, so construed, GRANT the motion and DISMISS WITHOUT PREJUDICE Crim's claims against Garrett;

2. DENY Garrett's motion (Doc. No. 81) to dismiss under Rule 41(b); and

3. FIND MOOT Garrett's motion (Doc. No. 49) to dismiss the amended complaint under Rule 12(b)(6).

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt

of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 31st day of July, 2020.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge